# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                 **CASE NO: 6:13-cr-234-Orl-31KRS**

**PEDRO PETE BENEVIDES**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:   RODERIC LEE BOLING'S PETITION FOR VICTIM RESTITUTION PURSUANT TO 18 U.S.C. § 3663 (Doc. No. 137)**
>
> **FILED:        September 2, 2016**

> **MOTION:   RODRIC LEE BOLING'S MOTION FOR COURT'S RECONSIDERATION OF ITS JULY 6TH, 2015 ORDER DENYING HIS ". . . MOTION TO INTERVENE . . ." [AND] REQUESTING THE COURT'S CONSIDERATON OF HIS CONTEMPORANEOUSLY FILED PETITION PURSUANT TO 18 U.S.C. § 3771 AND 18 U.S.C. § 3663 (Doc. No. 138)**
>
> **FILED:        September 7, 2016**

**I.   BACKGROUND.**

On July 21, 2014, Defendant, Pedro Benevides, was adjudicated guilty of the crime of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Doc. Nos. 1, 59. Judgment was entered on April 15, 2015. Doc. No. 91. At the sentencing hearing, the Court deferred the issue of restitution, indicating that a restitution hearing would be set under separate notice. Doc.

No. 98, at 21.  On April 15, 2015, the Court entered a notice scheduling the restitution hearing on May 27, 2015 and later rescheduled the hearing to May 29, 2015 and then to June 24, 2015.  Doc. Nos. 93, 100, 104.

On June 23, 2015, Roderic Lee Boling, through counsel, filed a motion to intervene in the present case, pursuant to Federal Rule of Civil Procedure 24, to present a claim for restitution under the Victim Witness Protection Act, 18 U.S.C. § 3663 ("VWPA").  Doc. No. 119.  In the motion, Boling contended that he had a "somewhat novel" claim for restitution from Benevides arising from facts underlying a civil lawsuit Boling filed against Benevides in the Eighteenth Judicial Circuit Court, in and for Seminole County, Florida (the "State Court Case").  *Id.* at 2.  Counsel for Boling appeared at the restitution hearing on June 24, 2015, and he was allowed to be heard on the motion to intervene.  Doc. No. 128, at 2-3.  Because the United States had not yet responded to the motion to intervene, the Court gave the United States time to file a response.  *Id.* at 4.  The restitution hearing continued with presentation of evidence and argument.  *Id.* at 5-42.

The United States thereafter filed a motion to strike and a response to Boling's motion to intervene.  Doc. No. 124.  Among other things, the United States argued that (1) a crime victim has no legal right to intervene in a criminal proceeding, (2) Boling's motion to intervene was untimely, and (3) Boling's claims to be a victim of the bank fraud conspiracy of which Benevides was convicted lack merit.  *Id.*  On July 6, 2015, the Court denied Boling's motion to intervene.  Doc. No. 125.[1]  On July 9, 2015, the Court entered a final order of restitution, requiring Benevides to pay restitution in the total amount of $10,003,632.89 to the FDIC, JPMorgan Chase and Community Bank of Florida.  Doc. No. 127.

---

[1] Thereafter, counsel for Boling withdrew from the case.  Doc. No. 133.

More than a year later, Boling, representing himself, asks that the Court reconsider the denial of his motion to intervene and consider his newly filed petition for victim restitution. Doc. Nos. 137, 138. The United States has responded to both motions. Doc. No. 139. The motions have been referred to me for consideration.

## II.    ANALYSIS.

The substantive right to restitution for eligible victims of federal crimes is found in the VWPA and the Mandatory Victim Restitution Act ("MVRA") 18 U.S.C. § 3663A, among other statutes not relevant here. The procedure for enforcing victim's rights, including the right to restitution, is found in the Crime Victim Restitution Act ("CVRA"), 18 U.S.C. § 3771. The CVRA provides that if a court denies a claim for restitution made by a crime victim, the victim may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). The use of the writ of mandamus procedure in the CVRA is the only recourse for a victim to challenge a restitution order. *Monzel*, 641 F.3d at 540, 544; *Aguirre-Gonzalez*, 597 F.3d at 54; *see also In re Rendon Galvis,* 564 F.3d 170, 176 (2d Cir. 2009)(the VWPA does not provide a private remedy for a victim denied restitution).

With this background, I turn to Boling's motion for reconsideration and his petition for victim restitution.

### A.    *Denial of Motion to Intervene in the Criminal Case*.

In his motion to intervene, Boling relies on the VWPA as the substantive basis for his claim for restitution and on Federal Rule of Civil Procedure 24 as the basis for his request to intervene in this case. Doc. No. 119. Boling's counsel was allowed to be heard at the restitution hearing on the motion to intervene. Doc. No. 128, at 2-3. As noted above, the Court denied the motion to

intervene. Doc. No. 125. Boling did not seek reconsideration of that order or otherwise directly assert his claim for restitution before the Court entered the final order on restitution.

In his motion for reconsideration, Boling argues that the Court erred in denying his motion to intervene to present his claim that he was a victim entitled to restitution in the present case. He appears to contend that the law permitted him to intervene in the restitution hearing to be heard on his restitution claim. However, in *United States v. Alcatel-Lucent France, SA*, 688 F.3d 1301, 1306 (11th Cir. 2012), the United States Court of Appeals for the Eleventh Circuit stated that the CVRA does not authorize a crime victim to intervene in a criminal case.

The cases Boling cites in support of his position do not override the *Alcatel-Lucent* decision. *See* Doc. No. 138, at 29 n. 9. *Karcher v. May*, 484 U.S. 72, 77 (1987), is not factually relevant because it did not address the right of crime victims to intervene in a criminal case. Rather, it arose in the context of whether presiding officers of the New Jersey Legislature could appeal an adverse judgment after they left office. The United States Supreme Court determined that they could not do so. *Id.* at 74. *Kenna v. U.S. District Court*, 431 F.3d 1011, 1016 (9th Cir. 2006), involved the question of a victim's right to be heard at sentencing, not the right to intervene. *In re Siler*, 571 F.3d 604 (6th Cir. 2009), dealt with attempts by individuals to obtain copies of Presentence Reports from a criminal case for use in civil litigation, not whether a person has a right to intervene in a criminal case to seek restitution.

Because the Court properly denied Boling's motion to intervene in the criminal sentencing proceedings, I recommend that the Court find that the motion for reconsideration is not meritorious.

### B. *Petition for Victim Restitution.*

In his unverified Petition for Victim Restitution ("Petition"), Boling contends that he is entitled to restitution under the MVRA and the CVRA. As discussed above, the CVRA does not provide a substantive right to restitution. *See In re Doe*, 264 F. App'x 260, 262 n. 2 (4th Cir. 2007). Accordingly, Boling would be permitted to seek restitution only if he was a victim as defined in the VWPA and the MVRA. I recommend that the Court not consider the substantive contention that Boling was a victim, however, because Boling's Petition is procedurally barred under the CVRA.

As discussed above, the CVRA provides the method to seek relief from a denial of restitution to a qualifying victim. The CVRA requires that the victim file a petition for writ of mandamus with the court of appeals, in this case the United States Court of Appeals for the Eleventh Circuit. *Aguirre-Gonzalez*, 597 F.3d at 55(citing 18 U.S.C. § 3771(d)(3)). The petition for writ of mandamus must be filed within fourteen days after the victim's request for restitution is denied by the District Court. 18 U.S.C. § 3771(d)(5). Boling did not file a petition for writ of mandamus with the Eleventh Circuit within fourteen days after this Court entered its final order of restitution.

The Court's final order of restitution was part of the criminal sentence the Court imposed in this case. *See, e.g.,* 18 U.S.C. § 3663A(a)(1)(the MVRA states that when sentencing a defendant convicted of an offense, the court shall order that the defendant make restitution to the victim of the offense); *Aguirre-Gonzalez*, 597 F.3d at 54 (finding that the CVRA provides a crime victim a limited avenue to challenge the restitution component of a defendant's sentence through a writ of mandamus).

Because the final order of restitution was part of Benevides' sentence, Boling would have to move to re-open the sentencing proceeding in order for the Court to consider the Petition. The CVRA provides for a victim to reopen a sentencing proceeding, as follows:

> A victim may make a motion to re-open a . . . sentence only if –
>
> (A) the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied; [and,]
>
> (B) the victim petitions the court of appeals for a writ of mandamus within 14 days[.]

18 U.S.C. § 3771(d)(5)(A), (B).   The record reflects that Boling asserted the right to be heard before and during the restitution hearing, his counsel was heard on the motion to intervene during the restitution hearing, and, ultimately, his request to intervene and for restitution was denied. However, Boling has not shown that he petitioned the Eleventh Circuit for a writ of mandamus within fourteen days after his motion to intervene was denied and the final order of restitution was issued.   Because Boling did not take the steps required to reopen Benevides sentencing proceeding, I recommend that the Court find that the Petition is procedurally barred.

## III. RECOMMENDATIONS.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

(A) **DENY** Roderic Lee Boling's Motion For Court's Reconsideration Of Its July 6th, 2015 Order Denying His ". . . Motion to Intervene . . ." [And] Requesting the Court's Consideration of His Contemporaneously Filed Petition Pursuant To 18 U.S.C. § 3771 And 18 U.S.C. § 3663 (Doc. No. 138); and,

(B) **DENY** Roderic Lee Boling's Petition for Victim Restitution Pursuant To 18 U.S.C. § 3663 (Doc. No. 137), because it is procedurally barred under the CVRA.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar

an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

**Respectfully Recommended** in Orlando, Florida on December 12th, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE