**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.** **CASE NO: 6:13-cr-234-Orl-31KRS**

**PEDRO PETE BENEVIDES**

---

**ORDER**

This matter comes before the Court without a hearing on the Petition for Victim Restitution (Doc. 137) filed by Roderic Lee Boling (henceforth, "Boling") and the Motion for Reconsideration (Doc. 138) of this Court's order (Doc. 125) denying Boling's attempt to intervene in this case. On December 12, 2016, Magistrate Judge Karla Spaulding entered a Report and Recommendation (Doc. 141) concerning the petition and the motion. She recommended (1) that the Court refuse to reconsider the denial of the motion to intervene, because Boling had no right to intervene in this criminal case, and (2) that the Court deny the petition as procedurally barred. On December 30, 2017, Boling filed an objection (Doc. 146) to the Report and Recommendation. Upon *de novo* review, the Report and Recommendations will be approved and adopted and made a part of this order.

**I. Background**

On July 21, 2014, the Defendant pleaded guilty to one count of conspiracy to commit bank fraud. (Doc. 59). On April 13, 2015, he was sentenced to 108 months of imprisonment, plus an amount of restitution to be determined at a later hearing. (Doc. 87). On June 23, 2015, the day before the restitution hearing was scheduled to occur, Boling through counsel filed a motion to intervene. (Doc. 119). Boling argued that he was a victim of crimes committed by the Defendant

and sought intervention so that he could present his claim for restitution. (Doc. 119 at 1). The motion to intervene also contained a request for a continuance "to allow [Boling's] recently retained … counsel to adequately prepare his claim for presentation to the Court." (Doc. 119 at 2). The restitution hearing occurred as scheduled, but the Court permitted the Government to respond to the motion to intervene. On July 2, 2015, the Government filed its response, arguing that Boling had no right to intervene in a criminal case and that his claim for restitution was not meritorious. (Doc. 124). On July 6, 2015, the Court denied Boling's motion to intervene. (Doc. 125). Three days later, the Court ordered Benevides to pay restitution to the FDIC and two banks, but not to Boling. (Doc. 127).

In September of 2016, Boling – now appearing *pro se* – filed the petition and motion that are the subjects of this order.

**II. Analysis**

As Judge Spaulding pointed out in the Report and Recommendation, the procedure for enforcing victims' rights, including the right to restitution, is found in the Crime Victim Restitution Act ("CVRA"), 18 U.S.C. § 3771. In *United States v. Alcatel-Lucent France, SA,* 688 F.3d 1301, 1306, the United States Court of Appeals for the Eleventh Circuit stated that the CVRA does not permit crime victims to intervene in criminal cases. In his objection to the Report and Recommendation, Boling does not cite to any authority that would permit intervention by a crime victim. Accordingly, Boling has not shown that the denial of the motion to intervene was erroneous.

To challenge the denial of a restitution claim, the CVRA requires that the crime victim file a petition for writ of mandamus with the court of appeals not more than 14 days after the denial.

18 U.S.C. § 3771(d)(5). In this case, the denial of Boling's claim occurred, at the latest, on July 9, 2015, when the Court ordered the Defendant to pay restitution to the FDIC and two banks, but not Boling. In addition, this Court could not award restitution to Boling without reopening the Defendant's sentence, and the CVRA requires that such a reopening must be preceded by a petition for writ of mandamus filed with 14 days. 18 U.S.C. § 3771(d)(5). Because Boling has not shown that he filed a petition for writ of mandamus within the requisite time frame, his effort to obtain restitution is procedurally barred.[1]

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Doc. 141) is **APPROVED AND ADOPTED** and made a part of this order. And it is further

**ORDERED** that the Petition for Victim Restitution (Doc. 137) and the Motion for Reconsideration (Doc. 138) are **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal

[1] Boling argues that his motion to intervene also contained a motion for a continuance, which was not ruled upon, and therefore the deadline for him to file a petition for writ of mandamus has not yet begun to run. (Doc. 146 at 16-20). However, the motion for continuance was implicitly denied when the Court denied the motion to intervene on July 6, 2015. Even if a motion for continuance were still pending, it would not trump the denial of Boling's restitution claim on July 9, 2015.

United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant